# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U.S. BANK, NATIONAL ASSOCIATION,

    Plaintiff(s),

v.

NORTH AMERICAN TITLE INSURANCE COMPANY,

    Defendant(s).

Case No.: 2:19-cv-00289-APG-NJK

**Order**

[Docket No. 26, 28]

Pending before the Court is Plaintiff's motion to compel. Docket No. 26. Defendant filed a response in opposition. Docket No. 27. Plaintiff filed a reply. Docket No. 29. Also pending before the Court are the cross-requests for the imposition of sanctions. *See* Docket No. 26 at 23-24; Docket No. 28. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **DENIED** without prejudice and the cross-requests for sanctions are also **DENIED** without prejudice.

**I.     MOTION TO COMPEL**

The Court begins with an analysis of the motion to compel. For the reasons discussed below, that motion is procedurally defective and will be denied without prejudice on that basis.

**A.     Prefiling Conference**

The parties raise a threshold dispute as to whether a sufficient prefiling conference was conducted prior to the filing of the instant motion to compel. "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial

intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer as defined by LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that these rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

In this case, a telephonic conference took place on October 14, 2019. *See* Docket No. 26-1 at ¶ 9. At that conference, defense counsel did not indicate that Defendant had additional documents or information to produce in response to the disputed discovery. *See id.* Nonetheless, defense counsel indicated at the conference and thereafter in written correspondence that she

---

[1] These requirements are now largely codified in the local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

would attempt to supplement the discovery responses as soon as practicable, likely by October 25, 2019. *See* Docket No. 27-1 at ¶¶ 12, 15.[2] One day before the projected date for supplemental responses, on October 24, 2019, Plaintiff filed the instant motion to compel. Defense counsel ultimately served supplemental responses on October 28, 2019. *See id.* at ¶¶ 23-24.

Given the above circumstances, a sufficient prefiling conference did not take place prior to the filing of the motion to compel. Supplemental responses were being prepared that could have at least narrowed the issues in dispute. *Cf. Nevada Power*, 151 F.R.D. at 120. Rather than await those forthcoming supplemental responses, Plaintiff filed the instant motion to compel seeking relief with respect to 23 requests for production, six interrogatories, and three requests for admission. As the meet-and-confer process had not run its course, the motion to compel was premature. *See Garcia v. Serv. Employees Int'l Union*, ___ F.R.D. ____, 2019 WL 3814721, at *3 n.7 (D. Nev. Aug. 13, 2019) ("additional in-person or telephonic conferences are generally required when the circumstances of a discovery dispute have evolved"); *see also Branch Banking Trust Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *2 (D. Nev. July 26, 2013) (meet-and-confer efforts that did not address supplemental disclosure were insufficient).[3]

Denial of the motion to compel without prejudice is appropriate on this basis.

**B.     Presentation on the Merits**

As noted above, the instant motion to compel seeks relief with respect to 23 requests for production, six interrogatories, and three requests for admission. Courts only address well-developed arguments, a requirement that applies with equal force to discovery motion practice. *See, e.g.*, *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 & n.2 (D. Nev. Apr. 30, 2018). "Parties may not merely identify an objection or response in seeking

---

[2] With respect to one issue in dispute (manuals related to handling claims in California), on October 14, 2019, defense counsel also advised that responsive documents do not exist. Docket No. 27-4 at 2.

[3] Plaintiff posits that any change in circumstances created by the supplemental responses could be addressed in the reply brief. *See* Docket No. 29 at 4. Motion practice should not be a set of moving targets; rather, the motion itself should clearly identify the circumstances and issues in dispute. A reply brief is not a vehicle for addressing new issues for the first time. *Cf. Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996).

judicial intervention." *Oliva v. Cox Comms. Las Vegas, Inc.*, 2018 WL 6171780, at *4 (D. Nev. Nov. 26, 2018).

Here, the motion at times provides minimal discussion as to why relief should be granted, followed by pages of single-spaced discovery requests and responses. For example, the motion contains a single paragraph arguing that documents related to Defendant's claim of prejudice should be compelled, followed by roughly three pages of single-spaced discovery requests and objections. *See* Docket No. 26 at 10-13. There is no discussion as to the specifics of each request and response. A proper motion to compel must provide meaningfully-developed argument as to why each particular discovery response was insufficient.[4]

Denial of the motion to compel without prejudice is appropriate on this basis.

## II. SANCTIONS

The parties have also presented counter-requests for sanctions. These requests are premised, at bottom, on assertions that the opposing party has not conducted itself in good faith during the meet-and-confer process or otherwise. Given that the motion to compel is being denied without prejudice and the meet-and-confer process remains on-going, the Court declines to weigh in on these competing accusations at this time. Accordingly, the competing requests for sanctions will also be denied without prejudice.

## III. CONCLUSION

For the reasons discussed above, the motion to compel is **DENIED** without prejudice and the cross-motions for sanctions are also **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: November 6, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] To the extent a motion includes several distinct disputes, it may prove useful to file separate motions so that sufficiently developed argument can be presented as to each dispute. *Cf.* Local Rule IC 2-2(b). To the extent counsel believe resolution as to a dispute on one discovery response would by extension of the same logic resolve disputes as to other responses, the parties may so stipulate to limit argument to the bellwether dispute prior to engaging in motion practice.