# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff<br><br>v.<br><br>NORTH AMERICAN TITLE INSURANCE COMPANY,<br><br>Defendant | Case No.: 2:19-cv-00289-APG-NJK<br><br>**Order Granting Motion to Stay and Denying Without Prejudice Pending Motions**<br><br>[ECF Nos. 15, 20, 50, 55, 56] |

Plaintiff U.S. Bank, National Association moves to stay the case pending resolution of the appeal in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Circuit Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) ("*Wells Fargo II*"). Defendant North American Title Insurance Company opposes a stay.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether to stay a case pending the resolution of another case, I must consider (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

A *Landis* stay is appropriate here. The crux of the parties' dispute is whether the title insurance policy covers any loss related to a homeowners association (HOA) lien and subsequent foreclosure. Although North American Title opposes the stay, it does not dispute that *Wells*

*Fargo II* will resolve the coverage question based on the same contract provisions. The Ninth Circuit's decision thus would resolve, or at least simplify, the parties' dispute in this case. Staying this case pending the mandate in *Wells Fargo II* will permit the parties to present arguments and evidence in the context of complete and resolved precedent, and it will allow me to evaluate the claims in light of this legal authority. Consequently, a stay pending the mandate would simplify the proceedings and promote the efficient use of the parties' and the court's overburdened resources.

Resolving the claims or issues in this case before the Ninth Circuit issues the mandate in *Wells Fargo II* could impose a hardship on the parties by the continued expenditure of resources. I understand North American Title's position that significant resources have already been expended in this particular case. But that does not mean additional resources should be expended, which would be required to complete briefing on the recently filed motions for summary judgment and to seal. Additionally, the court would have to expend significant resources addressing the parties' multiple pending motions.

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they intend to file in the future. But a delay may also result from new briefing that may be necessitated by the Ninth Circuit's ruling.

Finally, the stay pending the mandate may be short. The length of this stay is tied to the Ninth Circuit's issuance of its mandate in *Wells Fargo II*, so it is not indefinite. The parties in *Wells Fargo II* currently have a schedule to complete briefing on appeal by mid-May 2020. Once the mandate is issued, either party may move to lift the stay.

I ORDER that the motion to seal **(ECF No. 55) is GRANTED**.

I FURTHER ORDER that the parties' other pending motions **(ECF Nos. 15, 20, 56) are DENIED without prejudice**.

I FURTHER ORDER that plaintiff U.S. Bank, National Association's motion to stay **(ECF No. 50) is GRANTED.** This case is administratively **STAYED** until the Ninth Circuit issues the mandate in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC). Once the mandate issues, any party may move to lift the stay

DATED this 20th day of February, 2020.

                                                                            ANDREW P. GORDON
                                                                            UNITED STATES DISTRICT JUDGE